# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JOHN ANDERSON,

    **Plaintiff,**

    v.                                                            Case No. 07-C-203

OWENS-CORNING CORPORATION,
JOHNS MANVILLE CORPORATION,
WR GRACE & COMPANY, and
UNKNOWN,

    **Defendants.**

## ORDER

    Plaintiff Christopher John Anderson, who is currently incarcerated at Racine Correctional Institution, filed this pro se action against defendants Owens Corning Corporation, Johns Mansville Corporation, W.R. Grace & Company, and Unknown Defendants. The plaintiff alleges that, prior to his incarceration, he was injured by on-the-job exposure to asbestos manufactured by the defendants. Federal jurisdiction is based on diversity of citizenship. Before the court are the plaintiff's motion for leave to proceed in forma pauperis and the plaintiff's motion to appoint counsel.

    The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy

of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $12.54. He has also made additional payments of $36.10.

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that he is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in

the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The plaintiff alleges that between May 1, 1999 and July 30, 1999, he was employed by Schauer and Associates, Incorporated, to remove asbestos materials through abatement of the defendants' products from sites in Wisconsin. He removed asbestos from Kohl's Food in Milwaukee; Schlitz Park in Milwaukee; Rhinelander High School in Rhinelander; and Congress Street School in Milwaukee. At the four sites, the plaintiff was exposed to asbestos mined and manufactured by the defendants. Exposure to the asbestos has interfered with the plaintiff's breathing, lung capacity, and overall well-being. In addition, the plaintiff suffers severe mental and emotional fear as a result of exposure to the defendants' product and the damage that the plaintiff has suffered as a result.

The plaintiff seeks relief under "Wisconsin common law and statutory protections" due to the defendants' mining and manufacturing of asbestos and materials containing asbestos. He seeks compensatory and punitive damages.

The court finds that the complaint is neither frivolous or malicious, nor does it fail to state a claim upon which relief may be granted. Thus, the plaintiff's motion for leave to proceed in forma pauperis will be granted.

**MOTION TO APPOINT COUNSEL**

The plaintiff has filed a motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As

a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

The plaintiff has stated that he has been unsuccessful in his attempts to obtain legal counsel on his own. On June 11, 2007, this case was reported to the Judicial Panel on Multidistrict Litigation, Asbestos Products Liability Litigation (No. VI). See 28 U.S.C. § 1407. The Panel will notify the plaintiff and this court whether this action is subject to transfer at a later date, not sooner than 90 days from the date the action was reported to the Panel. If the case is accepted, it will be transferred to the Panel for all pretrial processing, thus making moot plaintiff's request for appointment of counsel by this court. Pending notification from the Panel, the plaintiff's motion for appointment of counsel will be denied without prejudice.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the's plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket #5) be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $301.36 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding

4

payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 13th day of June, 2007.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge